UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 1:17-cr-20459-1

v.                                     Honorable Thomas L. Ludington
                                       United States District Judge
MELENEY ANN PULLEY,

        Defendant.
_____/

**OPINION AND ORDER DENYING WITH PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In November 2017, Defendant Meleney Ann Pulley pleaded guilty to sex trafficking a minor. She now seeks compassionate release.

Her request will be denied because she has not demonstrated (1) an extraordinary or compelling reason for release or (2) that the factors of 18 U.S.C. § 3553 warrant release.

**I.**

In April 2018, Defendant was sentenced to 230 months' imprisonment followed by five years of supervised release. ECF No. 41 at PageID.161–62.

Eight months later, she filed a motion to vacate her sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. ECF No. 50. She asserted that, despite the appeal waiver in her Rule 11 plea agreement, she asked her attorney to file an appeal that he did not file. ECF No. 50. After holding an evidentiary hearing, *see* ECF No. 117, Magistrate Judge Patricia T. Morris issued a Report and Recommendation (R&R) concluding that Defendant did "not meet her burden to show that trial counsel was ineffective," *id.* at PageID.512, because there did "not appear to be any non-frivolous grounds for appeal," *id.* at PageID.509. Accordingly, Judge Morris

recommended that Defendant's motion to vacate be denied. *Id.* at PageID.512. Defendant filed objections to the R&R, ECF No. 118, which this Court overruled before adopting Judge Morris's R&R and denying Defendant's Motion. *See* ECF Nos. 119; 120. Defendant filed a notice of appeal, but the Sixth Circuit denied her application for a certificate of appealability because reasonable jurists would not disagree with this Court's conclusion. *See Pulley v. United States*, No. 20-1744, 2020 WL 8472482, at *1 (6th Cir. Dec. 28, 2020).

Here now is Defendant's Motion for Compassionate Release. ECF No. 127. She alleges she should be released from prison because she suffers from several medical conditions, she is at higher risk of illness from COVID-19, and because her father is in poor health. *Id.* The Government opposes Defendant's Motion. ECF No. 130.

## II.

A motion for compassionate release under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, then this Court may deny the compassionate-release motion without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.

### A.

The first issue is whether, before filing her Motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted her administrative remedies or (2) received no response but waited at least 30 days before filing her motion. *See* 18 U.S.C § 3582(c)(1)(A).

The BOP denied Defendant's request for compassionate release on July 18, 2022. ECF No. 127 at PageID.566. Defendant then fully exhausted her administrative appeal process, *see id.* at PageID.569, 571, before filing her Motion for Compassionate Release with this Court on November 22, 2022. Therefore, Defendant has exhausted her administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A).

### B.

The next question is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Although Congress did not define "extraordinary and compelling reasons," the United States Sentencing Commission has identified several "extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). The Sixth Circuit has endorsed a textual analysis and requires courts to apply the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that, when § 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," while "compelling" meant "forcing, impelling, driving." (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971) (cleaned up))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling," as that language is commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'") (collecting cases).

Defendant provides three reasons for her release: (1) her poor health, (2) her increased risk of COVID-19, and (3) her elderly father requires care. ECF No. 127 at PageID.560–62.

But none of those reasons are extraordinary or compelling.

i.

Defendant first alleges that her overall poor health is an extraordinary and compassionate reason to justify her release. *Id.* at PageID.561. Defendant lists several medical conditions from which she suffers, including obesity, hypertension, hyperlipidemia, urinary incontinence, PTSD, and bipolar disorder. *Id.*

But, as the Government notes, ECF No. 130 at PageID.630, all but one of Defendant's conditions existed at the time of sentencing. *See* PSR ¶ 83–86. And facts that existed at the time of sentencing "cannot be an extraordinary and compelling reason for sentence reduction." *United States v. Burlingame*, 586 F. Supp. 3d 705, 710 (E.D. Mich. 2021) (citing *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021)); *accord United States v. Knuckles*, No. 1:18-CR-20719-12, 2021 WL 4593977, at *2 (E.D. Mich. Oct. 6, 2021) ("This Court cannot simply take facts that existed at sentencing and repackage them as extraordinary and compelling." (quoting *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021) (quotations omitted))).

The only medical condition Defendant alleges that did not exist at the time of sentencing is obesity. But obesity is neither extraordinary nor compelling. *United States v. Mukherjee*, No. 1:04-CR-50044-1, 2022 WL 2703955, at *4 (E.D. Mich. July 12, 2022) (noting that, though obesity is "a known risk factor for COVID-19," it is not an extraordinary or compelling reason for release).

In sum, Defendant's medical conditions, for which the BOP provides treatment, are not extraordinary or compelling.

ii.

Defendant next alleges her medical conditions put her at an increased risk for serious illness or death if she were to contract COVID-19 again. ECF No. 127 at PageID.561–62.

But Defendant is fully vaccinated against COVID-19, *see* ECF No. 127 at PageID.561, and has recovered from a previous COVID-19 infection in January 2022, *see id.* at PageID.559. Moreover, transmission of COVID-19 is less frequent in prisons than it once was, and only one inmate at FCI Hazelwood is currently infected with the virus. *See* Federal Modified Operational Level, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/index.jsp **[**https://perma.cc/T52A-VNJ6**].** Numerous courts, including this Court, have found that COVID-19 is neither extraordinary nor compelling for purposes of § 3582(c)(1)(A). *E.g.*, *United States v. Hogg*, 592 F. Supp. 3d 627, 631 (E.D. Mich. 2022); *Burlingame*, 586 F. Supp. 3d at 711–12 (collecting cases).

And, as the Sixth Circuit Court of Appeals has emphasized, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (quoting *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021)).

Nor are Defendant's health diagnoses combined with COVID-19 extraordinary or compelling. *See United States v. Jackson*, No. 2:19-CR-20396, 2022 WL 107577 (E.D. Mich. Jan. 11, 2022) (denying compassionate release to inmate with hypertension and asthma because he had received the COVID-19 vaccine); *United States v. Banks*, No. 2:18-CR-20462, 2022 WL 2679417 (E.D. Mich. July 11, 2022) (same for COPD, lupus, high blood pressure, arthritis, and obesity because inmate had access to the COVID-19 vaccine); *Mukherjee*, 2022 WL 2703955 (same for 80-year-old inmate with hypertension, diabetes, obesity, kidney disease, and enlarged prostate because who received the COVID-19 vaccine and recovered from a prior infection, such that his "proven resilience to COVID-19 belies the alleged comorbidity of his diagnoses").

### iii.

Defendant next argues compassionate release is warranted so she can care for her father, who is in poor health and receiving palliative care. ECF No. 127 at PageID.561.

But the existence of an elderly parent who might require care and assistance is not extraordinary and compelling. *See United States v. Newton*, 478 F. Supp. 3d 591, 595 (E.D. Mich. 2020) ("[T]he fact that Defendant's [parent] suffers from medical hardships, while unfortunate, does not in and of itself create a compelling reason to release Defendant."); *see also United States v. Murphy*, No. 1:19-CR-20604-2, 2022 WL 1837072, at *2–3 (E.D. Mich. June 3, 2022) ("[A] grandparent's medical needs are not a covered 'family circumstance' for purposes of a motion for compassionate release." (citing *United States v. Marshall*, No. 3:16CR-00004-JHM, 2020 WL 114437, at *2–4 (W.D. Ky. Jan. 9, 2020)). Moreover, as the Government notes, Defendant has not explained why other family members are not available to care for her father. ECF No. 130 at PageID.635–36 (noting that according to the PSR, Defendant's father resides with his wife); *see also United States v. Johnson*, No. 11-20493, 2021 WL 822495, at *4 (E.D. Mich. Mar. 4, 2021) (finding that, because defendant did not address why others could not care for his parents, the district court could not conclude that defendant's assistance was necessary).

### iv.

Finally, Defendant's reasons, taken in concert, do not support a sentence reduction. *United States v. Lemons*, 15 F.4th 747, 747 (6th Cir. 2021) ("[T]he combination of grounds for release, none of which independently supports a sentence reduction, does not collectively 'entitle a defendant to a sentence reduction.'" (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021))); *see also United States v. McKinnie*, 24 F.4th 583, 589 (6th Cir. 2022) ("[T]he district

court acted within its discretion by declining to find that these aggregate considerations necessitated a sentence modification." (citing *Lemons*, 15 F.4th at 749)).

Therefore, Defendant has not demonstrated an extraordinary or compelling reason for a sentence reduction. So her Motion for Compassionate Release will be denied.

## C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

This Court could decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). But to be thorough, this Court will consider the § 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>         . . . .
> (5) any pertinent policy statement—
>         . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted). Ultimately, the burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

This Court has already sentenced Defendant after considering the § 3553(a) factors. *See* ECF No. 41. That "initial balancing of the § 3553(a) factors during [Defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021). And Defendant has not demonstrated any flaw in that analysis.

The nature and circumstances of Defendant's crime are serious. Between November 2016 and February 2017, Defendant and her husband trafficked a 16-year-old minor who they used as a prostitute so that they could buy drugs. ECF No. 24 at PageID.63–64. Defendant says she will be "more productive in society" and desires "the chance to rehabilitate herself." ECF No. 127 at PageID.562. But Defendant has frequently been disciplined in prison, *see* ECF No. 130-3 at PageID.648–49, demonstrating that she is not rehabilitated.

The remaining length of Defendant's sentence also weighs against release. Defendant's projected release date is in September 2033, so she must show that her reasons for release are so powerful that they "warrant" a 127-month "reduction." 18 U.S.C. § 3582(c)(1)(A)(i). That inquiry depends, at least in part, on the time remaining on Defendant's sentence, as it requires her to justify the magnitude of her requested reduction. *See id.*; *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020). She adds that she has participated in classes and desires to become a productive member of society. "Yet those efforts, which would be commendable if true, are 'expected of all inmates and [are] in no way exceptional.'" *United States v. Ocampo*, No. 1:06-CR-20172-1, 2023 WL 168753, at *5 (E.D. Mich. Jan. 12, 2023) (quoting *Mahan v. Douglas*, No. 1:22-CV-10490, 2022 WL 17352566, at *2 (E.D. Mich. Dec. 1, 2022) (alteration in original)).

For these reasons, Defendant has not carried her burden to convince this Court that her § 3553(a) analysis would be different today nor that consideration of the § 3553(a) factors warrant a sentence reduction. *See* Alyssa C. Hennig, Note, *An Examination of Federal Sentencing Guidelines' Treatment of MDMA ("Ecstasy")*, 1 BELMONT L. REV. 267, 272 (2014) ("Section 3553(a)(2) requires that a defendant's sentence be 'sufficient, *but not greater than necessary*.'" (quoting 18 U.S.C. § 3553(a))). Consequently, her Motion will be denied.

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 127, is **DENIED WITH PREJUDICE**.

Dated: January 24, 2023         s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge